**Kuldip SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74142.**

United States Court of Appeals, Ninth Circuit.

Submitted: Oct. 11, 2005.*

Decided: Oct. 25, 2005.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jennifer Lightbody, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM**

Kuldip Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals summarily affirming without opinion an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Rios v. Ashcroft,* 287 F.3d 895, 899 (9th Cir.2002), we deny the petition for review.

Contrary to Singh's contentions, we conclude that the IJ's opinion is not incomprehensible and the IJ made a finding of past persecution. *Cf. Recinos De Leon v. Gonzales,* 400 F.3d 1185, 1187 (9th Cir.2005) (granting petition for review because the IJ's opinion was incomprehensible and the court was unable to properly review the IJ's decision without violating basic principles of judicial review).

The government rebutted Singh's presumed well-founded fear of future persecution by submitting the Addendum to the India Country Profile dated July 1997 of the 2002 U.S. Department of State Country Report on India which states: "[t]here

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

is no evidence that Sikhs or Sikh particularists face harassment, mistreatment or persecution merely on the basis of their religion or political opinions." *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003). We conclude that the IJ made an individualized analysis of how changes in country conditions will affect Singh. *See Borja v. INS,* 175 F.3d 732, 738 (9th Cir.1999).

Because Singh has not established eligibility for asylum, it necessarily follows that Singh does not qualify for withholding of removal. *See Gonzalez–Hernandez,* 336 F.3d at 1001 (citing *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995)).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.